FILED
SUPERIOR COURT
OF GUAM

2022 APR 20 AM 10: 12

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DONOVAN ALLEN CHARGUALAF ORNELLAS,<br><br>                                    Defendant. | Case No. CF0026-21<br><br>**DECISION AND ORDER**<br>(***Ex Parte*** **Application for the Appointment of a Psychiatrist to Conduct a Second Forensic Evaluation)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on April 6, 2022, for an *Ex Parte* Application on Donovan Allen Chargualaf Ornellas's ("Defendant") *Ex Parte* Application for the Appointment of a Psychiatrist to Conduct a Second Forensic Evaluation ("Application for the Appointment of a Psychiatrist"). Attorney Gloria Rudolph and Attorney Terence Timblin appeared for Defendant. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's Application for the Appointment of a Psychiatrist.

### BACKGROUND

On January 29, 2021, a grand jury indicted Defendant on the following charges: (1) Murder (As a First Degree Felony) with the Special Allegation: Use of a Deadly Weapon in the Commission of a Felony; (2) Murder (As a First Degree Felony) with the Special Allegation:

Use of a Deadly Weapon in the Commission of a Felony; and (3) Aggravated Assault (As a Second Degree Felony) with the Special Allegation: Use of a Deadly Weapon in the Commission of a Felony. Indictment, Jan. 29, 2021. On February 3, 2021, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Feb. 3, 2021. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Feb. 3, 2021. On February 24, 2021, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Mar. 19, 2021. Dr. Rapadas concluded that "[Defendant] did not lack substantial capacity to know or understand what he was doing, to know or understand that his conduct was wrongful, or to control his actions, or to the extent which, as a consequence of mental illness, disease, or defect, the defendant did not have a state of mind relevant to the issues in the trial of action." *Id.* at 20.

On July 20, 2021, Defendant filed the instant motion. *Ex Parte* Application for the Appointment of a Psychiatrist to Conduct a Second Forensic Evaluation (hereinafter "Application for the Appointment of a Psychiatrist"), July 20, 2021. The People filed an opposition. People's Resp. in Opp'n. to Def.'s *Ex Parte* Application for the Appointment of a Psychiatrist to Conduct a Second Forensic Evaluation (hereinafter "People Resp. in Opp'n."), Dec. 10. 2021. The Court ordered all documents and proceedings related to Defendant's request for the appointment of a psychiatrist to conduct a second evaluation sealed in order to protect Defendant's strategy at trial. Order Sealing Files, Jan. 19, 2022. On April 6, 2022, the Court held a sealed hearing on the Application and took Defendant's arguments under advisement. Minute Entry, Apr. 6, 2022.

**DISCUSSION**

Defendant requests the Court appoint an independent psychiatrist to assist in his defense. Application for the Appointment of a Psychiatrist at 1. He argues that the government must provide indigent defendants with the assistance of an independent psychiatrist—in addition to the neutral court psychiatrist—when the defendant has made a preliminary showing that his sanity at the time of the offense is going to be a significant factor a trial. *Id.* at 2–3. Defendant also states that he intends to dispute Dr. Rapadas's findings. *Id.* at 3–4. The People assert that Defendant is not entitled to an independent evaluation unless he can demonstrate cause—such as bias or incompetency—which Defendant does not do in his motion. People Resp. in Opp'n. at 2.

The Supreme Court of the United States has found that constitutional principles of due process require the government to provide access to the assistance of a competent psychiatrist when a defendant's mental state is at issue and he cannot otherwise afford expert assistance. *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). Due process requires that the government, at minimum, "assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense." *Id.* The Supreme Court of the United States noted that this right does not allow an indigent defendant "to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Id.*

Title 9 G.C.A. § 7.25(b) provides "[w]henever, in the opinion of the court, any other expert evidence concerning the defendant's mental condition is, or will be required by the court or either party, the court shall appoint one or more such experts to examine the defendant and to report upon his mental condition as the court may direct." Neither the Supreme Court of the United States nor the Supreme Court of Guam have specifically addressed whether a neutral

state psychiatrist satisfies constitutional due process, and federal circuit courts reach distinct conclusions on this issue. *See Powell v. Collins*, 332 F.3d 376, 391 (6th Cir. 2003) (noting several circuit courts have held that constitutional due process ". . . is not satisfied unless the defendant is provided an independent psychiatrist—i.e., the appointment of a neutral court psychiatrist, such as in the matter at hand, does not satisfy due process."); *see also Granviel v. Lynaugh*, 881 F.2d 185 (5th Cir. 1989) (holding a neutral psychiatrist satisfies due process guarantees of fundamental fairness); *and Pawlyk v. Wood*, 248 F.3d 815, 824 (finding a neutral psychiatrist insufficient to satisfy constitutional due process only when the court is the fact-finder). Guam trial courts have held that constitutional and Guam law only require the Court to appoint a neutral state psychiatrist. *See People v. Steven Q. Rabago*, CF0506-10, Nov. 11, 2012 ("Absent a showing that the Court appointed psychiatrist is unqualified to report upon the Defendant's mental condition, there is no requirement that the Court pay for an additional psychiatrist for the Defendant."); *see also People v. Jose Vicente Agualo*, CF0216-07 and CF0400-08, Aug. 16, 2011 (finding the appointment of a qualified psychiatrist under 9 G.C.A. § 7.25 satisfies due process guarantees of fundamental fairness).

Defendant made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, and the Court provided Dr. Rapadas's assistance to Defendant. Order for Forensic Evaluation, Feb. 3, 2021. The Court finds that Defendant's constitutional right to the assistance of a psychiatrist was satisfied with the appointment of Dr. Rapadas. Defendant states that he disputes Dr. Rapadas findings and requests the assistance of a second psychiatrist. Application for the Appointment of a Psychiatrist at 3–4. Upon reviewing the record, the Court finds that Dr. Rapadas is a competent psychologist who conducted an appropriate examination. Accordingly, as nothing in the record suggests Dr. Rapadas was incompetent or conducted an inappropriate examination, the constitutional due

process requirements are satisfied. Defendant is entitled to dispute Dr. Rapadas's findings, but neither constitutional due process nor Guam law requires defendants receive assistance from a second psychiatrist in disputing a court appointed psychiatrist's findings.

Even so, 9 G.C.A. § 7.25(b) gives the Court discretion to appoint a second psychiatrist. Defendant demonstrated the complexity of his mental state at the time of the offense during the *Ex Parte* hearing, including outlining how an additional psychiatrist would aid him in the preparation of his defense at trial. The Court also notes that although not required by law, a second psychiatrist is useful in disputing Dr. Rapadas's findings. Accordingly, the Court exercises its discretion and appoints a second psychiatrist to assist Defendant in his defense at trial.

Title 9 G.C.A. § 7.25(g) states "[e]ach psychiatrist appointed by the court who examines the defendant pursuant to this Section shall file a written report with the clerk of the court who shall deliver copies to each party." Thus, the Court finds that the People are entitled to a copy of the report that the independent psychiatrist generates and requests Defendant ensure the People receive a copy.

Lastly, the Court notes that Local Rules of the Superior Court of Guam Miscellaneous Rule 1.1.4(c) states "[w]here counsel has received prior authorization for investigators, experts and interpreters, the maximum total shall not exceed $1,500.00. Counsel appointed under these rules may apply to the Administrator of the Courts to exceed this maximum." Therefore, while the Court appoints an independent psychiatrist to assist Defendant in his defense, Defendant will need to keep costs within $1,500.00 or apply to the Administrator of the Courts for additional funds. The Court declines to provide input in this regard.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's Application for the Appointment of a Psychiatrist.

SO ORDERED, this _____ day of ____ APR 2 0 2022 ____ 2022.



_____

HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, G. Rudolph,
T. Timblin
Date: 4/20/22 Time: 10:18am

Antonio Cruz
Deputy Clerk, Superior Court of Guam